Requestor: James E. Konstanty, Esq., County Attorney County of Otsego County Office Building, 197 Main Street Cooperstown, New York 13326
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
This is in response to your request for an Attorney General's opinion as to whether a county, in the course of constructing a county correctional facility, must pay a fee to the county code enforcement officer.
Your letter notes that the County of Otsego is currently constructing a correctional facility and central kitchen. Pursuant to Local Law No. 2 of 1984, the County has adopted the New York State Uniform Fire Prevention and Building Code. Local Law No. 2 also provides for enforcement of the Uniform Code. The position of code enforcement officer has been established, and the officer's responsibilities include collecting from builders and developers the various fees imposed by the Uniform Code.
The code enforcement officer, a county employee, now seeks to collect from the county a fee in the amount of $7,000 for his inspection of the correctional facility. Your question is whether the county must pay the fee.
By way of background, we note that in enacting the provisions of the New York State Uniform Fire Prevention and Building Code, the Legislature has established clear policy with respect to public buildings. In its statement of legislative findings and purposes, the Legislature has declared that it is the public policy of the State of New York to "place public and private buildings on an equal plane with respect to fire prevention and adequacy of building construction." Executive Law §371(3) [first setout]. Implementing this statement of policy, the regulations provide that a city, village, town or county is accountable for administration and enforcement of the Uniform Code with respect to its own buildings and with respect to the buildings of any special purpose unit of local government created by the local government or for its benefit. 19 NYCRR § 441.2(a), (b). See, 1989 Op Atty Gen (Inf) 62.[1]
The code, however, does not address the question raised in your letter: whether the county must pay an inspection fee to its own code enforcement officer. Payment of an inspection fee to the code enforcement officer raises only a budgetary issue. Indeed, inasmuch as the fees will be paid by one branch of county government to another branch of county government, the only issue raised may be as to accounting techniques.
We conclude that in the absence of any provision in the State Fire Prevention and Building Code requiring that a county pay its own code enforcement officer a fee for inspecting county buildings, the county may address the issue of paying the enforcement officer's fee in any reasonable way.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
[1] Thus, case law you cite establishing exemptions as to governmental uses is not applicable here.